IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES BRUMFIELD,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:12-cv-01481

CHARLES MCCANN, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants Charles McCann, Thomas Ramey Jr., Judy Johnson, and the County Commission of Lincoln County, West Virginia's Motion to Dismiss [Docket 12]. For the reasons discussed below, this motion is **GRANTED**.

**I.    Background**

This case arises from allegations by the plaintiff, Charles Brumfield, that the defendants conspired and engaged in misconduct relating to the 2010 primary and election for Circuit Clerk of the Office of the Lincoln County Clerk. The complaint names the following defendants: Charles McCann, individually and in his capacity as Lincoln County Commissioner; Thomas Ramey Jr., individually and in his capacity as Lincoln County Commissioner; Judy Johnson, individually and in her capacity as Secretary to the Lincoln County Commission; Donald Whitten, individually and in his capacity as Sherriff of Lincoln County; Jerry Bowman, individually and as Sheriff of Lincoln County, West Virginia; Rocky Adkins; The County Commission of Lincoln County ("County Commission"); and the West Virginia Counties Group Self Insurance Risk Pool.

According to the complaint, Brumfield and Jerry Bowman were both candidates in the 2010 primary for the Democratic nomination for the office of the Clerk of the Circuit Court of Lincoln County West Virginia. (Compl. ¶ 6). The complaint asserts that when the polls closed on the day of the primary, May 11, 2010, Brumfield had won the nomination based on in-person votes. (*Id.* ¶ 8). Following the primary, however, a recount of the absentee ballots took place. (*Id.* ¶ 9). On May 27, 2010, the County Commission certified the results of the election and declared Jerry Bowman the winner of the nomination. (*Id.*) Brumfield then initiated an election contest and was ultimately declared the winner of the nomination. (*Id.* ¶ 10).

Brumfield asserts that the manner in which the absentee ballots for the May 11, 2010 primary were collected was "illegal and unlawful and the result of a conspiracy between the above-named defendant office holders in the Lincoln County Courthouse affiliated with a political action committee named 'Lincoln County Democratic Committee.'" (*Id.* ¶ 11). Brumfield asserts that the Lincoln County Democratic Committee ("LCDC") "was a factional political group that existed in Lincoln County, West Virginia, separate and apart from the Lincoln County Democratic Executive Committee." (*Id.* ¶ 12). The complaint alleges that in March 2010, defendants Bowman, Whitten, Ramey, and Adkins "visited in the homes of a select group of Lincoln County residents . . . for the purpose of obtaining from those individuals voting applications for absentee ballots despite the fact that [the defendants] had actual knowledge that the reasons given for the voting of absentee ballots by mail set forth in those applications were false." (*Id.* ¶ 16). Brumfield asserts that the defendants' conduct "so contaminated" the May 2010 primary that it "corrupted the entire process of absentee voting," and thereby deprived Brumfield of his due process and equal protection rights. (*Id.*)

Defendants McCann, Ramey, Johnson, and the County Commission filed the instant motion, seeking to dismiss the claims against them for failure to state a claim upon which relief can be granted. The plaintiff has responded, and the defendants have filed a reply. This motion is now ripe for review.

## II.     Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677-78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw

the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The *Iqbal* court suggested a two-pronged inquiry to determine if the complaint survives a motion to dismiss as set forth by *Iqbal*, which I will follow here. First, I will identify any pleadings that are not entitled to the assumption of truth because they are conclusory and unsupported by factual allegations. *See Iqbal*, 129 S. Ct. at 1949-50. Where there are well-pleaded factual allegations, I will assume the veracity of those facts and then determine whether they plausibly give rise to a valid claim for relief. *See id.*

**III.     Discussion**

The defendants argue that the claims against McCann, Ramey, and Johnson in their official capacities must be dismissed because the real party in interest is the County Commission, and claims against the County Commission are barred by the West Virginia Tort Claims Insurance Reform Act. The plaintiff argues that his claims should not be dismissed, but does not provide any legal explanation for his position.

A lawsuit against a government official in his or her official capacity is a suit against the governmental entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining

that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Accordingly, claims against the individual officials in their official capacities are claims against the County Commission.

The West Virginia Tort Claims Insurance Reform Act ("Tort Claims Act") limits the circumstances under which a political subdivision is liable in a civil action for "injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision." W. VA. CODE § 29-12A-4(b)(1). Specifically, the Tort Claims Act provides that a political subdivision cannot be held liable unless the "loss to persons or property [is] caused by the negligent performance of acts by their employees while acting within the scope of employment." W. VA. CODE § 29-12A-4(b)(1), (c)(2). The complaint does not allege that McCann, Ramey, or Johnson acted negligently within the scope of his or her employment. Rather, the complaint alleges that the defendants engaged in a conspiracy, and acted "with malicious purpose, in bad faith and in a wanton and reckless manner." (Compl. ¶ 66). Accordingly, the claims against McCann, Ramey, and Johnson in their official capacities are barred by the West Virginia Tort Claims Act and are hereby **DISMISSED**. *See, e.g.*, *Mallamo v. Town of Rivesville*, 197 W. Va. 616 (1996) (holding that a town was immune from liability for conspiracy and intentional misconduct by its employees).

All of the factual allegations in the complaint relate to the conduct of individual defendants. As explained above, the County Commission is not liable under West Virginia law for intentional acts of its employees. Additionally, there is no respondeat superior liability under 42 U.S.C. § 1983, and the complaint does not allege a policy, custom, or other action attributable

to the County Commission. Accordingly, the claims against the County Commission are hereby **DISMISSED**.

## IV. Conclusion

For the reasons discussed above, the court **GRANTS** the defendants' motion and **ORDERS** that the claims against defendants McCann, Ramey, and Johnson in their official capacities and the claims against the County Commission of Lincoln County, West Virginia are hereby **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       September 4, 2012

                    Joseph R. Goodwin, Chief Judge